Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK U.S. DISTRICT COURT

MAY 2 8 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| MICHAEL DAVID HAYDEN,<br><br>Petitioner,<br><br>v.<br><br>DAWSON, WARDEN,<br><br>Respondent. | CV 07-4996-SVW (SH)<br><br>ORDER ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. Section 636(b)(1)(C), the Court has reviewed the Petition, all of the records and files herein and the attached Report and Recommendation of the United States Magistrate Judge, and has made a de novo determination of the Report and Recommendation.  The Court concurs with and adopts the conclusions of the Magistrate Judge.

IT IS ORDERED that the Petition filed herein is dismissed with  prejudice.

1

1        IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order,

2  the Magistrate Judge's Report and Recommendation and the Judgment herein by

3  the United States mail on petitioner and counsel for respondent.

4        LET JUDGMENT BE ENTERED ACCORDINGLY.

5  DATED: _5/28/08_

6

7

8                              STEPHEN V. WILSON

9                      UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

CLERK, U.S. DISTRICT COURT

MAR – 3 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| MICHAEL DAVID HAYDEN,<br><br>               Petitioner,<br><br>    v.<br><br>DAWSON,<br><br>               Respondent. | No. CV 07-4996-SVW (SH)<br><br>REPORT AND RECOMMENDATION OF<br>UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Stephen V. Wilson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.  For the reasons stated below, this action should be dismissed with prejudice.

## I. __PROCEEDINGS__

Petitioner, a prisoner in the custody of the California Department of Corrections, challenges (1) his sentence resulting from his 1997 conviction for assault with a firearm

1

1 (pursuant to a plea agreement) in California Superior Court, Los Angeles County (Case

2 No. NA033274), and (2) his sentence resulting from his 2006 conviction for inflicting

3 corporal injury on a spouse and for making criminal threats (pursuant to a plea

4 agreement) in California Superior Court, Los Angeles County (Case No. RIF128722).

5      On August 1, 2007, petitioner filed a Petition for Writ of Habeas Corpus by a

6 Person in State Custody ("Petition"), as well as supporting exhibits. As best the Court

7 can glean from petitioner's allegations, the Petition alleges the following claims: (1)

8 Petitioner's 1997 plea agreement was breached when he was denied custody credits

9 against his sentence; and (2) Petitioner's 2006 sentence was illegally enhanced by the

10 finding that he had suffered a prior serious felony conviction (i.e., his 1997 assault with a

11 firearm conviction). (See Petition at 12, 21-60, 65-91, 122-36; Traverse at 16-19,

12 Exhibit C).

13      Respondent filed an Answer to the Petition ("Answer") on August 21, 2007 and a

14 Return to the Petition ("Return") on September 19, 2007. In the Return, respondent

15 contended that the Petition should be dismissed because it challenges a completed

16 sentence and therefore is moot, and because it is barred by Lackawanna County District

17 Attorney v. Coss, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). (See Return at

18 6-8). Respondent also contended that the Petition should dismissed because it is barred

19 by the one-year statute of limitations. (See Return at 5-6).[1]

20      Petitioner filed a Traverse on October 2, 2007.

21      The Court issued a Report and Recommendation on October 15, 2007. Petitioner

22 did not file Objections to the Report and Recommendation, or request an extension of

23 time to do so.

24      In a Minute Order issued on February 15, 2008, the Court ordered respondent to

25 lodge documents showing the date of petitioner's release from prison following his

26

27     [1]    The Court's determination that the Petition is moot and barred by

28 Lackawanna renders it unnecessary for the Court to address respondent's time bar
contention.

1  sentence for his 1997 conviction and the date petitioner completed parole on that

2  conviction. After respondent lodged the documents, the Court issued a Minute Order on

3  February 20, 2008 ordering respondent to file a declaration providing that information.

4      In a Minute Order issued on February 29, 2008, the Court vacated the original

5  Report and Recommendation.

6      This Report and Recommendation now issues.

7

8                    ## II. **PROCEDURAL HISTORY**

9      On August 5, 1997, petitioner pleaded no contest in Los Angeles Superior Court

10  to one count of assault with a firearm (California Penal Code § 245(a)(2)) and admitted

11  the special allegation that he had personally used a firearm during the commission of the

12  offense. On the same date, in accordance with the terms of the plea agreement, five

13  counts were dismissed, and petitioner was sentenced to state prison for a total term of

14  five years, consisting of two years for the assault with a firearm conviction and three

15  years for the personal weapons use finding. Petitioner was awarded a total of 26 days of

16  custody credits (18 days actual custody, 8 days good time/work time conduct). (See

17  Petition at 93, 95-99, 101-15, 135).

18      Petitioner did not appeal his conviction to the California Court of Appeal. (See

19  www.appellatecases.courtinfo.ca.gov).

20      On May 7, 1998, the Department of Corrections wrote the trial judge to state that

21  petitioner was awarded an excessive number of custody credits (i.e., "Pursuant to PC

22  2933.1(c) any person who is convicted of a felony offense listed in PC 667.5(C), which

23  was committed on or after September 21, 1994 shall accrue no more than 15 percent of

24  actual local time towards local conduct credits."). (See Petition at 122). In a minute

25  order issued on May 22, 1998, the trial judge nunc pro tunc corrected its August 5, 1997

26  minute order to give petitioner a total of 20 days of custody credits (18 days actual

27  custody, 2 days good time/work time conduct). (See Petition at 126). The Amended

28  Abstract, dated May 26, 1998, reflected the change in custody credits. (See Petition at

                                      3

128).  On December 1, 1998, another Los Angeles Superior Court judge issued an order which stated, "The Court's Order Re: Dept. Of Corrections Letter Dated 5-7-98 is 'No Change In Credits.'"  (See Petition at 139).

On March 16, 2006, petitioner plead guilty in Los Angeles Superior Court to one count of inflicting corporal injury on a spouse and one count of making criminal threats, and admitted the special allegations that he had suffered a serious prior serious felony conviction (i.e., 1997 assault with a firearm).  On the same date, in accordance with the terms of the plea agreement, one count and two special allegations were dismissed, and petitioner was sentenced to state prison for a total of 8 years, consisting of three years for the inflicting corporal injury conviction, a concurrent two years for the making criminal threats conviction, and five years for the prior serious felony conviction finding (pursuant to California Penal Code § 667(a)).  (See Answer, Exhibit A; Petition at 226-42).

Petitioner appealed his sentence to the California Court of Appeal.  However, petitioner's appointed appellate counsel filed what is known in California as a "Wende"[2] brief, which set forth a summary of the proceedings, but raised no specific issues.  (See Traverse at 254-66).[3]  Petitioner did not file a pro per supplemental brief.  In an unpublished decision issued on November 20, 2006, the California Court of Appeal affirmed the judgment.  The Court of Appeal stated in its decision that it had conducted a review of the record and had found no arguable issues.  See People v. Hayden, 2006 WL 3354019 (2006).

---

[2]   People v. Wende, 25 Cal. 3d 436, 600 P.2d 1071, 158 Cal. Rptr. 839 (1979).

[3]   Petitioner's appellate counsel's brief presented the following questions: (1) "Is appellant's guilty plea constitutionally valid?"; (2) Was appellant properly advised that he would receive a 8 year prison sentence under the plea agreement?"; (3) "Was appellant's trial attorney ineffective for advising him to admit a serious felony prior and is there evidence in the record to support appellant's claim of ineffective assistance of counsel?"; and (4) "Whether due process requires the prosecution to plea and prove appellant's 1997 conviction for assist with a firearm as a serious felony prior regardless of appellant's admission?"

4

1   Petitioner did not file a Petition for Review with the California Supreme Court.

2   (See www.appellatecases.courtinfo.ca.gov).

3   On May 9, 2006 (while petitioner's appeal of his 2006 conviction was pending),

4   petitioner filed a petition for writ of habeas corpus with the Los Angeles Superior Court.[4]

5   On May 15, 2006, the Los Angeles Superior Court denied that habeas petition. (See

6   Petition at 139, 195).

7   On October 31, 2006, petitioner filed another petition for writ of habeas corpus

8   with the Los Angeles Superior Court, alleging inter alia the same claims as the claims

9   alleged in the Petition herein.[5]  (See Petition at 11).  On May 31, 2006, the Los Angeles

10  Superior Court denied that habeas petition, as follows: "This court, on May 15, 2006,

11  denied a similar petition for writ of habeas corpus.  That ruling is the law of the case, and

12  one remedy is enough.  In re Bevill, 68 Cal.2d 854, 863, n. 9 (1968).  Moreover,

13  defendant has grossly abused the writ process by filing piecemeal and repetitious claims.

14  In re Clark, 5 Cal.4th 750, 767-69 (1993).  As the result of defendant's conviction is [sic]

15  a plea agreement, the presumption of regularity applies and this collateral attack on the

16  judgment is improper.  In re Smith, 2 Cal.3d 508, 510 (1970).  For these reasons, the

17  defendant's petition for writ of habeas corpus is denied." (See Petition at 196).

18  On December 15, 2006, petitioner filed a habeas petition with the California Court

19  of Appeal, wherein he alleged inter alia the same claims as the claims alleged in the

20  Petition herein. (See Petition at 9-10).[6]  On January 4, 2007, the California Court of

21  Appeal denied that habeas petition, as follows: "The petition is denied as petitioner has

22  not stated facts sufficient to support relief nor submitted this court with a record

23  adequate for review.  (See, e.g., People v. Duvall (1995) 9 Cal.4th 464, 474; People v.

24

25  [4]     The parties have not provided the Court with the copy of that habeas
26  petition, and they have not informed the Court as to what claims were raised in that
    habeas petition.

27  [5]     The parties have not provided the Court with a copy of that habeas petition.

28  [6]     The parties have not provided the Court with a copy of that habeas petition.

1   *Romero* (1994) 8 Cal.4th 728, 737; *In re Alvernaz* (1992) 2 Cal.4th 942, 945; *Sherwood*

2   *v. Superior Court* (1979) 24 Cal.3d 183, 186-187; *Mendez v. Superior Court* (2001) 87

3   Cal.App.4th 791, 796.)" (See Petition at 203).

4         On January 25, 2007, petitioner filed a habeas petition with the California

5   Supreme Court, alleging inter alia the same claims as the claim alleged in the Petition

6   herein.  (See Petition at 3, 207-21).[7]  On June 27, 2007, the California Supreme Court

7   summarily denied that habeas petition without citation of authority.  (See Petition at

8   206).

9         On August 1, 2007, the instant Petition was filed.

10

11        **A.    PETITIONER'S CLAIM CONCERNING THE VIOLATION OF HIS**

12               **1997 PLEA AGREEMENT IS MOOT.**

13        In the first claim alleged in the Petition, petitioner contends that his 1997 plea

14   agreement was breached when he was denied custody credits against his sentence.  (See

15   Petition at 12, 21-29, 47-58, 65-89, 119-36; Traverse at 16-18).

16        A petitioner can only obtain federal habeas relief if he is **in custody** in violation of

17   the Constitution or laws or treaties of the United States.  See 28 U.S.C. § 2254(a)

18   (emphasis added); see also Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 20

19   L.Ed.2d 554 (1968)("The federal habeas corpus statute requires that the application must

20   be 'in custody' when the application for habeas corpus is filed.").  "This 'in custody'

21   requirement has been interpreted to mean that federal courts lack jurisdiction over habeas

22   corpus petitions unless the petitioner is 'under the conviction or sentence under attack at

23   the time of petition is filed.'" Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir.

24   2005)(quoting Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540

25   (1989)).  A person satisfies the "in custody" requirement if he is on parole at the time he

26   files his federal habeas petition.  See Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373,

27   _____

28        [7]    Petitioner has provided the Court with what appears to be a portion of that
     habeas petition.

1 | 9 L.Ed.2d 285 (1963).

2 |     A case becomes moot when "it no longer present[s] a case or controversy under

3 | Article III, § 2, of the Constitution." <u>Spencer v. Kemna</u>, 523 U.S. 1, 7, 118 S.Ct. 978,

4 | 140 L.Ed.2d 43 (1998). If a person is no longer on parole, his petition is moot unless he

5 | is facing "some concrete and continuing injury other than the now-ended . . . parole -

6 | some 'collateral consequence' of the conviction." <u>Spencer, supra; see Carafas, supra</u>,

7 | 391 U.S. at 237-38; <u>Wilson v. Terhune</u>, 319 F.3d 477, 479 (9th Cir. 2003), <u>cert. denied</u>,

8 | 539 U.S. 933 (2003).

9 |     With respect to the 1997 conviction, petitioner was released from prison and

10 | placed on parole on February 17, 2002. (<u>See</u> Respondent's Notice of Lodging

11 | ["Lodgment"] No. 1; Declaration of Rey Navarro, ¶ 3). Although petitioner did not

12 | successfully complete parole, he was formally discharged from that conviction on May

13 | 14, 2006. (<u>See</u> Lodgment Nos. 1 and 2; Declaration of Rey Navarro, ¶ 4). At the time

14 | petitioner filed the instant Petition, he was no longer under his 1997 conviction or

15 | 1997/1998 sentence. Since it does not appear that petitioner is facing any collateral

16 | consequences of his 1997 conviction, petitioner's claim challenging his 1997 conviction

17 | (pursuant to a plea agreement) is moot.

18 |

19 | **B.**     <u>**PETITIONER'S CLAIM CHALLENGING THE USE OF HIS 1997**</u>

20 |       <u>**CONVICTION AS A SENTENCE ENHANCEMENT IS BARRED.**</u>

21 |     In the second claim alleged in the Petition, petitioner contends that his 2006

22 | sentence was illegally enhanced by the finding that he had suffered a serious felony (i.e.,

23 | his 1997 assault with a firearm conviction), because he did not personally discharge or

24 | use a weapon during the commission of that offense. (<u>See</u> Petition at 12, 30-44, 58-60,

25 | 65-91, 90-91, 101-09; Traverse at 18-19).

26 |     However, "once a state conviction is no longer open to direct or collateral attack in

27 | its own right . . . defendant generally may not challenge the enhanced sentence through a

28 | federal habeas petition on the ground that the prior conviction was unconstitutionally

1  obtained." <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394, 403-04, 121
2  S.Ct. 1567, 149 L.Ed.2d 608 (2001). The one exception to the rule is where a petitioner
3  alleges the "failure to appoint counsel in violation of the Sixth Amendment." <u>Id.</u> at 402.
4  Here, since petitioner is challenging the constitutionality of his prior conviction on
5  grounds other than the denial of his right to counsel, his claim is barred by <u>Lackawanna</u>.

6

7                              **III.  RECOMMENDATION**

8       For the foregoing reasons, IT IS RECOMMENDED that the district court issue an
9  Order: (1) approving and adopting this Report and Recommendation; and (2) directing
10 that Judgment be entered dismissing the action with prejudice.
11 DATED: <u>March 3, 2008</u>

12

13

14                                        STEPHEN J. HILLMAN
                              UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24                                      NOTICE
25 Reports and Recommendations are not appealable to the Court of Appeals, but may be
   subject to the right of any party to file Objections as provided in the Local Rules
26 Governing the Duties of the Magistrate Judges and review by the District Judge whose
27 initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules
   of Appellate Procedure should be filed until entry of the Judgment of the District Court.
28

                                          8